## SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is entered into among the United States of America, acting through the United States Department of Justice and on behalf of United States Customs & Border Protection (Customs) of the Department of Homeland Security and the Department of Commerce (Commerce) (collectively, the United States); University Furnishings, LP and Freedom Furniture Group, Inc. (collectively, University Furnishings); and J Squared, Inc., doing business as University Loft Company (Relator) (collectively, the Parties), through their authorized representatives.

## RECITALS

A.  In October 2003, an association of U.S. manufacturers of wooden bedroom furniture and labor unions petitioned the U.S. International Trade Commission (ITC) to investigate possible dumping by manufacturers in the People's Republic of China (PRC). In January 2004, the ITC concluded that less-than-market-value imports from the PRC were harming the domestic wooden bedroom furniture industry. Effective January 4, 2005, Commerce imposed antidumping duties on PRC-manufactured wooden bedroom furniture entering into the United States. 70 Fed. Reg. 329, 332 (Jan. 4, 2005). This order required importers of record of PRC-manufactured wooden bedroom furniture to properly classify such goods on Customs import documents and specify the amount of duties owed, including antidumping duties.

B.  At all times relevant to this Agreement, University Furnishings, LP and its general partner, Freedom Furniture Group, Inc., were a Texas limited partnership and a Texas corporation, respectively, selling furniture manufactured in the United States and abroad, for university student housing and furnished apartments.

EXHIBIT A

C. On August 12, 2013, Relator filed a *qui tam* action in the United States District Court for the Western District of Texas captioned *United States ex rel. University Loft Company v. University Furnishings, LP and Freedom Furniture Group, Inc.*, Civil Action No. A13CV0678SS, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the Civil Action). The *qui tam* complaint in the Civil Action alleged, among other things, that University Furnishings avoided paying antidumping duties owed on wooden chests manufactured in the PRC by (1) misclassifying the furniture on Customs import documents, (2) misrepresenting the country of origin as Vietnam where the duty would not apply, or (3) misrepresenting the PRC manufacturer as one that Commerce determined was entitled to a lower antidumping duty.

D. The United States contends that from 2009 through August 2012, on the entries specifically identified in Appendix A to this Agreement, University Furnishings knowingly misclassified, caused to be misclassified, or conspired with others to misclassify on official Customs import documents, its imports of PRC-manufactured wooden bedroom furniture to evade paying antidumping duties. The United States further contends that the conduct described in this Paragraph, referred to below as the Covered Conduct, gives rise to civil claims against University Furnishings.

E. This Settlement Agreement is neither an admission of liability by University Furnishings nor a concession by the United States that its claims are not well founded.

F. Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. University Furnishings shall pay to the United States Fifteen Million Dollars ($15,000,000) (the Settlement Amount) by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the United States Department of Justice. The Settlement Amount shall be paid no later than seven (7) business days after the Effective Date of this Agreement, as set forth in Paragraph 23 below.

2. Conditioned upon the United States receiving the Settlement Amount from University Furnishings and as soon as feasible after receipt, the United States shall pay Two Million Two Hundred and Fifty Thousand Dollars ($2,250,000) to Relator by electronic funds transfer pursuant to written instructions to be provided by Relator's counsel.

3. Pursuant to 31 U.S.C. § 3730(d)(1), University Furnishings shall pay to Relator Eighty Five Thousand and 00/100 Dollars ($85,000) (the Relator Payment) by electronic funds transfer pursuant to written instructions to be provided by Relator's counsel no later than seven (7) business days after the Effective Date of this Agreement.

4. Subject to the exceptions in Paragraph 5 (concerning excluded claims) below, and conditioned upon full payment of the Settlement Amount, the United States releases University Furnishings, and those of its officers, directors, limited partners, and employees specifically identified in paragraph 5(i), from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims

Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Tariff Act of 1930, as amended 19 U.S.C. §§ 1202-1683(g); or the common law theories of unjust enrichment and fraud.

5. Notwithstanding the releases given in Paragraph 4 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Except as explicitly stated in the Agreement, any administrative liability, including the suspension and debarment rights of any federal agency;

    d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e. Any liability based upon obligations created by this Agreement;

    f. Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

    g. Any liability for failure to deliver goods or services due;

    h. Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct; or

    i. Any liability of individuals except the following officers, directors, limited partners and employees: Paul Dougan, James Garner, Lisa

Dillon, Donna Sheffield, Darla Henry, Greg Nichols, Sam Sweat, Cristina Castro, Mike Busbice, and Don Rogers.

6. Relator and its successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relator's receipt of the payment described in Paragraph 2, Relator and its successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730 relating to the Civil Action, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

7. Relator, for itself, and for its successors, attorneys, agents, and assigns, specifically releases University Furnishings, and its predecessors, successors, subsidiaries, and assigns and its current and former officers, directors, limited partners, shareholders, agents, and employees, from any liability to Relator arising from the filing of the Civil Action, or under 31 U.S.C. § 3730(d)(1) for expenses or attorneys' fees and costs.

8. University Furnishings waives and shall not assert any defenses it may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any

other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

9. University Furnishings fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that the company has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

10. a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of University Furnishings, and its present or former officers, directors, employees, shareholders, and agents in connection with:

   (1) the matters covered by this Agreement;

   (2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

   (3) University Furnishings' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

   (4) the negotiation and performance of this Agreement;

    (5) the payment University Furnishings makes to the United States pursuant to this Agreement and any payments that University Furnishings may make to Relator, including costs and attorneys' fees,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

  b. Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by University Furnishings, and University Furnishings shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

  c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, University Furnishings shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by University Furnishings or any of its subsidiaries or affiliates from the United States. University Furnishings agrees that the United States, at a minimum, shall be entitled to recoup from University Furnishings any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine University Furnishings' books and records and to disagree with any calculations submitted by University Furnishings or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments

previously sought by University Furnishings, or the effect of any such Unallowable Costs on the amount of such payments.

11. University Furnishings agrees to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Agreement. Upon reasonable notice, University Furnishings shall encourage, and agrees not to impair, the cooperation of its directors, officers, and employees, and shall use its best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. University Furnishings further agrees to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in its possession, custody, or control concerning any investigation of the Covered Conduct that it has undertaken, or that has been performed by another on its behalf.

12. This Agreement is intended to be for the benefit of the Parties only.

13. Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to the this Agreement, with prejudice as to the Covered Conduct as to the United States and without prejudice as to all other claims, and, as to the Relator, with prejudice as to all claims.

14. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

15. Each party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

16. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Western District of Texas. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

17. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

18. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

19. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

20. This Agreement is binding on University Furnishings' successors, transferees, and assigns.

21. This Agreement is binding on Relator's successors, transferees, and assigns.

22. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

23. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

[SIGNATURE PAGES FOLLOW]

THE UNITED STATES OF AMERICA

DATED: 12/16/2015   BY: _____
Sean O'Donnell
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice

DATED: 12/16/15   BY: _____
Susan Strawn
Assistant United States Attorney
Western District of Texas

DATED: 12/14/15   BY: _____
Jeanne E. Davidson
Director
Commercial Litigation Branch
Civil Division

FOR DEFENDANTS

UNIVERSITY FURNISHINGS, LP, a Texas Limited Partnership

By:   University Partnership Group, Inc. f/k/a Freedom Furniture Group, Inc.
      Its General Partner

DATED: 12/16/2015   BY: _____
                       Paul Dougan
                       President

FREEDOM FURNITURE GROUP, INC. n/k/a University Partnership Group, Inc.

DATED: 12/16/2015   BY: _____
                       Paul Dougan
                       President
                       University Partnership Group, Inc. f/k/a Freedom Furniture Group, Inc.

DATED: 12/16/2015   BY: _____
                       Danny S. Ashby
                       T. Gregory Jackson
                       Morgan Lewis & Bockius, LLP
                       Counsel for Freedom Furniture Group, Inc. and University Furnishings, LP

11

FOR RELATOR

J SQUARED, INC d/b/a UNIVERSITY LOFT COMPANY

DATED: 12/11/15 BY: _____
Vince DiBenigno, Chief Financial Officer

DATED: 12/16/15 BY: _____
Steven D. Smit, Counsel for Relator

Appendix A to Settlement Agreement, United States ex rel. University Loft Company v. University Furnishings, LP and Freedom Furniture Group, Inc., Civil Action No. A13CV0678SS

| Date Received | PO No. | Customs Entry Number |
|---|---|---|
| 3/30/2009 | 0000059 | 153-0276341-0 |
| 3/31/2009 | 0000058 | 153-0278585-2 |
| 3/31/2009 | 0000060 | 153-0276586-0 |
| 4/30/2009 | 0000066 | 153-0277081-1 |
| 4/30/2009 | 0000066 | 153-0276978-9 |
| 4/30/2009 | 0000067 | 153-0277248-6 |
| 4/30/2009 | 0000070 | 153-0277033-2 |
| 4/30/2009 | 0914-469-1 | 153-0277035-7 |
| 4/30/2009 | 0914-469-1 | 153-0277080-3 |
| 5/20/2009 | 0000079 | 153-0277247-8 |
| 5/20/2009 | 0000079 | 153-0277291-6 |
| 6/4/2009 | 0000063 | 153-0277482-1 |
| 6/4/2009 | 0000065 | 153-0277875-6 |
| 6/4/2009 | 0000065 | 153-0277966-3 |
| 6/4/2009 | 0000069 | 153-0277740-2 |
| 6/5/2009 | 0000064 | 153-0277876-4 |
| 6/5/2009 | 0000107 | 153-0278008-3 |
| 6/5/2009 | 0000115 | 153-0278008-3 |
| 6/16/2009 | 0000128 | 153-0278082-8 |
| 6/23/2009 | 0000062 | 153-0278081-0 |
| 6/30/2009 | 0000061 | 153-0278082-8 |
| 6/30/2009 | 0000144 | 153-0278082-8 |
| 6/30/2009 | 0922-0487-1 | 153-0278082-8 |
| 7/13/2009 | 0000165 | 153-0278508-2 |
| 7/14/2009 | 0000153 | 153-0278464-8 |
| 7/14/2009 | 0000153 | 153-0278664-3 |
| 8/5/2009 | 0000200 | 153-0278953-0 |
| 8/12/2009 | 0000239 | 153-0279065-2 |
| 8/13/2009 | 0921-0488-1 | 153-0278353-3 |
| 8/14/2009 | 0000068 | 153-0278322-8 |
| 8/14/2009 | 0000109 | 153-0278578-5 |
| 8/14/2009 | 0917-0474-1 | 153-0278507-4 |
| 8/24/2009 | 0000165A | 153-vvvvvvv-v |
| 9/28/2009 | 0000204 | 153-0279060-3 |
| 10/20/2009 | 0000295 | 153-xxxxxx-x |
| 10/20/2009 | 0000314 | 153-xxxxxx-x |
| 4/2/2010 | 0000363 | 153-0282476-6 |
| 5/12/2010 | 0000392 | 153-0283135-7 |
| 5/12/2010 | 0000392 | 153-0283136-5 |
| 5/14/2010 | 0000425 | 153-0283136-5 |
| 6/23/2010 | 0000452 | 153-0283811-3 |
| 6/28/2010 | 0000457 | 153-0283966-5 |

Appendix A to Settlement Agreement, United States ex rel. University Loft Company v. University Furnishings, LP and Freedom Furniture Group, Inc., Civil Action No. A13CV0678SS

| Date Received | PO No. | Customs Entry Number |
|---|---|---|
| 7/8/2010 | 0000446 | 153-0284089-5 |
| 7/10/2010 | 0000372 | 153-0283257-9 |
| 7/14/2010 | 0000416 | 153-0283545-7 |
| 7/16/2010 | 0000489 | 153-yyyyyyy-y |
| 7/20/2010 | 0000379 | 153-0283571-3 |
| 7/24/2010 | 0000507 | 153-0284247-9 |
| 7/30/2010 | 0000545 | 153-0284248-7 |
| 8/4/2010 | 0000505 | 153-0284329-5 |
| 8/4/2010 | 0000564 | 153-0284401-2 |
| 8/4/2010 | 0000586 | 153-0284248-7 |
| 8/13/2010 | 0000367 | 153-0283749-5 |
| 8/20/2010 | 0000393 | 153-0283750-3 |
| 8/31/2010 | 0000617 | 153-0285071-2 |
| 9/17/2010 | 0000649 | 153-0285267-6 |
| 9/17/2010 | 0000649 | 153-0285416-9 |
| 10/25/2010 | 0000684 | 153-0285979-6 |
| 12/27/2010 | 0000716 | 153-0286263-4 |
| 1/17/2011 | 0000750 | 153-0287483-7 |
| 2/25/2011 | 0000781 | 153-0287947-1 |
| 3/22/2011 | 0000755 | 153-0287786-3 |
| 4/21/2011 | 0000809 | 153-0288481-0 |
| 4/25/2011 | 0000823 | 153-0288523-9 |
| 4/25/2011 | 0000823 | 153-0288523-9 |
| 4/25/2011 | 0000823 | 153-0288633-6 |
| 4/26/2011 | 0000822 | 153-0288362-2 |
| 5/9/2011 | 0000847 | 153-0288833-2 |
| 6/17/2011 | 0000914 | 153-0289453-8 |
| 6/23/2011 | 0000864 | 153-0289204-5 |
| 6/24/2011 | 0000891 | 153-0289240-9 |
| 6/24/2011 | 0000891 | 153-0289202-9 |
| 6/24/2011 | 0000891 | 153-0289240-9 |
| 6/25/2011 | 0000835 | 153-0289229-2 |
| 6/25/2011 | 0000831 | 153-0289231-8 |
| 6/27/2011 | 0000804 | 153-0288680-7 |
| 6/27/2011 | 0000804 | 153-0288739-1 |
| 6/29/2011 | 0000790 | 153-0289504-8 |
| 6/30/2011 | 0000874 | 153-0289426-4 |
| 7/6/2011 | 0000937 | 153-0289576-6 |
| 7/8/2011 | 0000892 | 153-0289096-5 |
| 7/8/2011 | 0000892 | 153-0289174-0 |
| 7/8/2011 | 0000892 | 153-0289236-7 |
| 7/8/2011 | 0000892 | 153-0289238-3 |

Appendix A to Settlement Agreement, United States ex rel. University Loft Company v. University Furnishings, LP and Freedom Furniture Group, Inc., Civil Action No. A13CV0678SS

| Date Received | PO No. | Customs Entry Number |
|---|---|---|
| 7/8/2011 | 0000892 | 153-0289239-1 |
| 7/8/2011 | 0000892 | 153-0289264-9 |
| 7/13/2011 | 0000929 | 153-0289359-7 |
| 7/13/2011 | 0000929 | 153-0289423-1 |
| 7/14/2011 | 0000787 | 153-0289378-7 |
| 7/15/2011 | 0000944 | 153-0289552-7 |
| 7/15/2011 | 0000868 | 153-0289623-6 |
| 7/15/2011 | 0000946 | 153-0289654-1 |
| 7/15/2011 | 0000961 | 153-0289657-4 |
| 7/15/2011 | 0000944 | 153-0289670-7 |
| 7/15/2011 | 0000944 | 153-0289552-7 |
| 7/18/2011 | 0000893 | 153-0289401-7 |
| 7/18/2011 | 0000893 | 153-0289495-9 |
| 7/18/2011 | 0000893 | 153-0289268-0 |
| 7/23/2011 | 0001005 | 153-0289867-9 |
| 7/23/2011 | 0001051 | 153-0289962-8 |
| 7/23/2011 | 0001005 | 153-0289962-8 |
| 7/23/2011 | 0001005 | 153-0289962-8 |
| 8/2/2011 | 0000894 | 153-0289027-0 |
| 8/2/2011 | 0000894 | 153-0289237-5 |
| 8/3/2011 | 0001122 | 153-0289848-9 |
| 8/8/2011 | 0001197 | 153-0290139-0 |
| 8/9/2011 | 0001153 | 153-0290139-0 |
| 8/12/2011 | 0000977 - Reclassed to PO 1310 | 153-0290080-6 |
| 8/12/2011 | 0000977 Reclassed to PO 1310 | 153-0290080-6 |
| 8/16/2011 | 0000955 | 153-0289730-9 |
| 8/16/2011 | 0000955 - SAMPLES | 153-0289730-9 |
| 8/16/2011 | 0001024 | 153-0289732-5 |
| 8/16/2011 | 0001015 | 153-0289959-4 |
| 8/16/2011 | 0001015 | 153-0290065-7 |
| 8/16/2011 | 0001015 | 153-0290065-7 |
| 8/18/2011 | 0001019 | 153-0290118-4 |
| 8/19/2011 | 0001179 | 153-0290210-9 |
| 8/31/2011 | 0001310 | 153-0290080-6 |
| 8/31/2011 | 0001310 | 153-0290114-3 |
| 10/28/2011 | 0001252 | 153-0290924-5 |
| 10/28/2011 | 0001252 | 153-0291082-1 |
| 12/1/2011 | 0001333 | 153-0291272-8 |
| 12/2/2011 | 0001329 | 153-0291445-0 |
| 12/2/2011 | 0001329 | 153-0291455-0 |
| 12/13/2011 | 0001291 | 153-0291423-7 |
| 1/10/2012 | 0001358 | 153-0291877-4 |

Appendix A to Settlement Agreement, United States ex rel. University Loft Company v. University Furnishings, LP and Freedom Furniture Group, Inc., Civil Action No. A13CV0678SS

| Date Received | PO No. | Customs Entry Number |
| --- | --- | --- |
| 1/16/2012 | 0001293 | 153-0291791-7 |
| 2/8/2012 | 0001378 - Reclassed to PO 1369 | 153-zzzzzzz-z |
| 3/9/2012 | 0001436 | 153-0292356-8 |
| 3/19/2012 | 0001464 | 153-aaaaaa-a |
| 3/30/2012 | 0001463 | 153-0292564-7 |
| 4/6/2012 | 1378/1369 | 153-0292106-7 |
| 4/20/2012 | 0001362 | 153-0292323-8 |
| 4/20/2012 | 0001362 | 153-0292371-7 |
| 4/20/2012 | 0001362 | 153-0292373-3 |
| 4/20/2012 | 0001362 | 153-0292389-9 |
| 4/20/2012 | 0001362 | 153-0292441-8 |
| 4/20/2012 | 0001422 | 153-0292524-1 |
| 5/2/2012 | 0001400 | 153-0292844-3 |
| 5/18/2012 | 0001404 | 153-0292666-0 |
| 5/18/2012 | 0001404 | 153-0292825-2 |
| 5/18/2012 | 0001404 | 153-0292895-5 |
| 6/5/2012 | 0001409 | 153-0292822-9 |
| 6/25/2012 | 0001484 | 153-0292920-1 |
| 6/26/2012 | 0001844 | 153-0293309-6 |